# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **RICKY WAYNE GOODE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-261** |
| **ADLER WALLACH ASSOCIATES INC** | **SECTION "L" (5)** |

## ORDER & REASONS

Currently before the Court is Defendant's Motion to Dismiss, R. Doc. 6. Plaintiff opposes the Motion, R. Doc. 7. Having reviewed the parties' arguments and the applicable law, the Court now issues this Order and Reasons.

I.     **BACKGROUND AND PRESENT MOTION**

Plaintiff Ricky Dwayne Goode ("Plaintiff") filed this action against Defendant Alder Wallach & Associates ("Adler") alleging that Adler violated provisions of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692-1692p ("FDCPA"). Specifically, Plaintiff claims that he spoke to an employee at Adler, a debt collection agency, on April 27, 2017. R. Doc. 1 at 4. Plaintiff contends that during the call, an Adler employee spoke to him and a third party, Vance Dotson,[1] about his debt but did not provide the "mini-Miranda" warning that Defendant's employee was a debt collector. Plaintiff claims that he never consented to have Adler or its

---

[1] Plaintiff has included an audio recording of the call with this Complaint. R. Doc. 1. It appears that Vance Dotson is a consumer advocate who Plaintiff hired to assist with his outstanding debt. When Plaintiff called Defendant, Mr. Dotson was already on the line, but did not announce his presence until a few minutes into the call. Plaintiff then gave Defendant permission to speak with Mr. Dotson regarding the specifics of his debt.

1

employees contact a third party about his debt. R. Doc. 1 at 5. Additionally, Plaintiff avers that during the phone call, Adler's employee made "misleading, false, and deceptive" statements which have caused loss of sleep, frustration, mental anguish, and injury to Plaintiff's reputation. R. Doc. 1 at 5-6.

Specifically, Plaintiff alleges that Defendant violated the FDCPA by making false statements[2] and not restating the "mini-Miranda" rights[3] after the call was transferred to a second Adler employee. R. Doc 1 at 6-7. Plaintiff seeks a declaratory judgment that Adler's conduct violated the FDCPA, a preliminary injunction preventing Adler from attempting to collect the debt while this action is pending, a permanent injunction enjoining Adler from collecting this debt, an order of attachment and eventual final judgment against Defendant for $1,000.00 in statutory damages, costs, and attorney fees pursuant to 15 U.S.C. § 1692k(a).

In lieu of an answer, Defendant Adler has filed a Motion to Dismiss, R. Doc. 6, arguing that Plaintiff's claims for declaratory and injunctive relief must be dismissed because these remedies are not available under the Fair Debt Collection Practices Act ("FDCPA"). R. Doc. 6 at 2. According to Defendant, Section 1692k of the FDCPA describes all remedies available under the Act, and neither injunctive or declaratory relief is a provided remedy. R. Doc. 6 at 2.

Additionally, Defendant contends that as a private litigant, Plaintiff does not have standing to assert a claim for injunctive or declaratory relief under the FDCPA. R. Doc. 6 at 3. Defendant admits that the Fifth Circuit has not addressed this issue, but avers that district courts within the Fifth Circuit have held that even if the FDCPA provided for injunctive relief, such relief is not available to private litigants. R. Doc. 6 at 3 (citing *Sibley v. Diversified Collection Services, Inc.*, 1998 WL 355492 at *5 (N.D. Tex. June 30, 1998) (holding that even if the

---

[2] *See* 15 U.S.C. § 1692e.
[3] *See* 15 U.S.C. § 1692e(11).

FDCPA included a right to injunctive relief, this remedy would not be available to private litigants)).

Plaintiff opposes the motion and argues that his Complaint alleges facts that support a plausible claim for relief. R. Doc. 7 at 2. Further, Plaintiff contends that he is entitled to declaratory relief pursuant to the Court's authority under the Declaratory Judgment Act, 28 U.S.C. § 2201-2202. According to Plaintiff, federal courts have granted declaratory judgments in FDCPA suits. Plaintiff contends that the Fifth Circuit "has assumed the availability of injunctive relief in FDCPA cases," R. Doc. 7 at 2 (citing *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000)).

## II. LAW AND ANALYSIS

### a. Motion to Dismiss Standard

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Generally, when evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court should not look past the pleadings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### b. Fair Debt Collection Practice Act

There are two issues currently before the Court. First, does the Fair Debt Collection Practices Act provide for equitable relief, and second, is such relief available to an individual plaintiff? The parties do not dispute that the United States Court of Appeals for the Fifth Circuit has not directly addressed whether the FDCPA provides for equitable relief. However, the Fifth Circuit has noted that "courts uniformly hold that the FDCPA does not authorize equitable relief," though it declined to issue a ruling on that issue. *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000). The Court finds that Plaintiff mischaracterizes the Fifth Circuit's holding in *Bolin*, as it certainly does not "assum[e] FDCPA injunctive relief [is] available." *See* R. Doc. 7 at 2. Instead, *Bolin* establishes that the Fifth Circuit does not disagree that the FDCPA precludes equitable relief.

Furthermore, the Fifth Circuit has held that portions of the Fair Credit Reporting Act do not allow private injunctive remedies, and compared those portions of the Fair Credit Reporting Act to similar provisions the FDCPA. Specifically, in *Washington v. CSC Credit Services. Inc.*, the Court noted that provisions of the Fair Credit Reporting Act expressly granted the Federal Trade Commission the right to obtain injunctive relief; however this right was not expressly granted to private litigants. 199 F.3d 263, 268 (5th Cir. 2000). The Court reasoned that the "affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief

4

solely with the FTC." *Id*. The Court went on to analogize those portions of the Fair Credit Reporting Act to similar provisions of the FDCPA, reasoning that the FDCPA also provides individual claimants with a right to monetary damages, but not injunctive relief, which is only mentioned in relation to the FTC's enforcement authority. *Id*. Thus, based on these sections, the Court explained that courts have determined that the FDCPA "does not allow private actions for injunctive relief." *Id*. at 268 n.4.[4]

In light of these holdings, this Court declines to depart from the majority rule that the FDCPA does not provide equitable relief. Even under the lenient standard of Federal Rule of Civil Procedure 12(b)(6), the Court finds that Plaintiff has failed to demonstrate that he has pled a plausible claim for equitable relief under the FDCPA. Such a claim is unavailable legally, irrespective of Plaintiff's factual allegations.

Plaintiff cites to *Mann v. Acclaim Fin. Servs., Inc.*, as proof that federal courts have permitted declaratory relief in FDCPA cases. 232 F.R.D. 278 (S.D. Ohio 2003).[5] In *Mann*, the Southern District of Ohio explained that "as a general matter, injunctive relief is not authorized in FDCPA cases," although some district courts within the Sixth Circuit have certified Rule 23(b)(2) classes seeking declaratory relief in FDCPA cases. *Id*. The court went on to certify a Rule 23(b)(2) class seeking relief under the FDCPA. *Id*. This Court finds *Mann* unpersuasive.

---

[4] The vast majority of district courts, and two federal circuit courts have reached the same conclusion, holding that equitable relief is not available under the FDCPA. *See, e.g., Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004); *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982); *Reyes v. Julia Place Condominiums Homeowners Ass'n, Inc.*, No. 12-2043, 2014 WL 7330602 (E.D. La. Dec. 18, 2014); *Bituello v. Mancini*, 684 F.Supp.2d 760, 766 (E.D. Va. 2010); *Banny v. Onewest Bank, FSB*, No. 11–172, 2011 WL 3418195 (S.D. Miss. 8/3/2011); *Sibley v. Diversified Collection Servs., Inc.*, No. 96–0816, 1998 WL 355492 (N.D. Tex. 6/30/1998).

[5] Plaintiff also cites to *Woodard v. Online Info. Servs.*, 191 F.R.D. 502 (E.D. N.C. 2000), and *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313 (N.D. Ill. 1995). In each of these cases, district courts outside of this Circuit certified a Rule 23(b)(2) class seeking declaratory relief under the FDCPA without addressing whether the FDCPA provides for such relief. Thus, these case do not influence the outcome of the present case.

First, *Mann* did not establish a rule that declaratory relief is available under the FDCPA; it only noted that some courts have certified classes seeking such relief. Second, *Mann* does not comport with decisions from district courts within the Fifth Circuit, which have specifically denied class certification for injunctive relief under the FDCPA, as the FDCPA does not provide for equitable remedies. *See Reyes*, 2014 WL 7330602 at *3; *Sibley*, 1998 WL 355492 at *5.

Because this Court finds that the FDCPA does not provide an action for equitable relief, other than in relation to the FTC's enforcement mechanism, it is not necessary to determine whether such injunctive or declaratory relief is available to private litigants. Furthermore, courts which have addressed this question have determined that even if the FDCPA provided for equitable relief, such remedies are not available to private litigants. *See, e.g., Goldberg v. Winston & Morrone, P.C.*, 1997 WL 139526, at *3 (S.D. N.Y. 1997); *Gammon v. GC Servs. Ltd. Partnership*, 162 F.R.D. 313, 319 (N.D. Ill. 1995) (collecting cases); *see also Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982) (noting that equitable relief is not available to individual under civil liability section of FDCPA). Thus, even if equitable relief was available under the FDCPA, it would not be available to Plaintiff in this case, as a private litigant.

### III. CONCLUSION

Given the Fifth Circuit's previous discussion on the question of equitable relief under the FDCPA and the consistent denial of injunctive relief to other private FDCPA litigants in other jurisdictions, this Court likewise declines to extend the remedies under the FDCPA to include equitable relief in this case. Therefore,

**IT IS ORDERED** that Defendant's motion to dismiss Plaintiff's claims for injunctive and declaratory relief, R. Doc. 6, is hereby **GRANTED**.

New Orleans, Louisiana, this 10th day of August, 2017.

_Eldon E. Fallon_
UNITED STATES DISTRICT COURT